Ashley R. Morris, Esq., SBN 225455
**WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant,
AMF BOWLING CENTERS INC. dba BOWLERO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURI AGUILAR, | Case No: 2:20-cv-11451-SVW-AGR |
| Plaintiff, | District Judge: Stephen V. Wilson |
| | Magistrate Judge: Alicia G. Rosenberg |
| v. | |
| AMF BOWLING CENTERS INC. dba BOWLERO, a corporation and DOES 1 to 50, inclusive, | **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| Defendants. | |

Defendant, AMF BOWLING CENTERS, INC., doing business as BOWLERO (hereinafter "AMF") hereby responds to the unverified Complaint of Plaintiff NURI AGUILAR (hereinafter "Plaintiff") as follows:

## **GENERAL DENIAL**

1. AMF answers the unverified Complaint pursuant to California Code of Civil Procedure § 431.30, denying both generally and specifically each, every, and all of the allegations contained in said Complaint and every part thereof, including each and every cause of action purportedly contained therein.

///

///

///

2. AMF further answers the unverified Complaint on file herein and each and every purported cause of action contained therein by denying that Plaintiff has sustained, or will sustain, any damages in any sum or sums alleged, or any other sum or sums.

### FIRST AFFIRMATIVE DEFENSE

3. As and for a first, separate and affirmative defense to the unverified Complaint, AMF alleges the unverified Complaint fails to state facts sufficient to constitute a cause of action against AMF.

### SECOND AFFIRMATIVE DEFENSE

4. As and for a second, separate and affirmative defense to the unverified Complaint, AMF alleges that Plaintiff did not exercise reasonable care, and, by her own failure to do so, was the sole proximate cause and/or proximate cause of the alleged incident and damages, if any.

### THIRD AFFIRMATIVE DEFENSE

5. As and for a third, separate and affirmative defense to the unverified Complaint, AMF alleges that the alleged incident and damages, if any, were not proximately caused by any dangerous condition on the property.

### FOURTH AFFIRMATIVE DEFENSE

6. As and for a fourth, separate and affirmative defense to the unverified Complaint, AMF alleges that AMF did not have actual or constructive notice of the alleged dangerous condition on the property.

### FIFTH AFFIRMATIVE DEFENSE

7. As and for a fifth, separate and affirmative defense to the unverified Complaint, AMF alleges that the alleged dangerous condition was open and obvious and as such, AMF had no duty to warn of a condition which the Plaintiff was already aware of, or should be aware of, in the exercise of reasonable care.

/ / /

/ / /

### SIXTH AFFIRMATIVE DEFENSE

8. As and for a sixth, separate and affirmative defense to the unverified Complaint, AMF alleges that the alleged incident and damages, if any, were not caused by any act or omission to act on the part of AMF.

### SEVENTH AFFIRMATIVE DEFENSE

9. As and for a seventh, separate and affirmative defense to the unverified Complaint, AMF alleges the negligence, if any, was committed by third parties, for whom liability may not be imputed to AMF.

### EIGHTH AFFIRMATIVE DEFENSE

10. As and for an eighth, separate and affirmative defense to the unverified Complaint, AMF alleges that the alleged incident and damages, if any, were caused and contributed to by persons or entities other than AMF, and, in the event that any negligence of AMF is found to have contributed to any such injury, Plaintiff's recovery, if any, from AMF is limited to that percentage of fault attributed to AMF, and no more.

### NINTH AFFIRMATIVE DEFENSE

11. As and for a ninth, separate and affirmative defense to the unverified Complaint, AMF alleges that any judgment that may be entered against AMF for non-economic damages is several only and not joint, such that recovery for non-economic damages is limited to an amount proportionate with that degree of fault attributable to AMF, if any, as opposed to fault attributable to other third parties.

### TENTH AFFIRMATIVE DEFENSE

12. As and for an tenth, separate and affirmative defense to the unverified Complaint, AMF alleges that the alleged incident and damages, if any, were proximately caused by the subsequent intervening and superseding acts of third parties.

///

///

### ELEVENTH AFFIRMATIVE DEFENSE

13. As and for a eleventh, separate and affirmative defense to the unverified Complaint, AMF alleges, without admitting any duty owed to Plaintiff, that, at all relevant times, AMF exercised due diligence and reasonable care.

### TWELFTH AFFIRMATIVE DEFENSE

14. As and for an twelfth, separate and affirmative defense to the unverified Complaint, AMF alleges that all of the risks and dangers involved in the undertaking in which Plaintiff was engaged at the time and place alleged was well known to, understood and appreciated by Plaintiff, who knowingly undertook and assumed all risks involved in such undertaking.

### THIRTEENTH AFFIRMATIVE DEFENSE

15. As and for a thirteenth, separate and affirmative defense to the unverified Complaint, AMF alleges that it did not own, control, nor was it responsible for the location or any of the activities that occurred at the location where the incident is alleged to have occurred.

### FOURTEENTH AFFIRMATIVE DEFENSE

16. As and for a fourteenth, separate and affirmative defense to the unverified Complaint, AMF alleges that the Plaintiff failed to exercise reasonable diligence to avoid and minimize damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

17. As and for a fifteenth, separate and affirmative defense to the unverified Complaint, AMF alleges that AMF is not liable for the matters and activities alleged in the unverified Complaint because the unverified Complaint, and each and every purported cause of action therein, is barred by the statute of limitations.

///

///

///

**SIXTEENETH AFFIRMATIVE DEFENSE**

18.  As and for a sixteenth, separate and affirmative defense to the unverified Complaint, AMF alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of AMF and is therefore barred from bringing this action against AMF by the doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

19.  As and for a seventeenth, separate and affirmative defense to the unverified Complaint, AMF alleges that AMF is not liable for the matters and activities alleged in the unverified Complaint because Plaintiff's claim has been discharged in prior bankruptcy proceedings and is now barred.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

20.  As and for a eighteenth, separate and affirmative defense to the unverified Complaint, AMF alleges that any injury, damage or loss suffered by Plaintiff was proximately caused by Plaintiff's failure to use reasonable means to prevent new and/or the aggravation of underlying conditions and to use reasonable means to mitigate damages to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

21.  As and for a nineteenth, separate and affirmative defense to the unverified Complaint, AMF is informed and believe, and thereon allege that, as to each and every cause of action contained therein, the costs incurred, or paid by Plaintiff, if any, for repair of property damage, medical care, dental care, custodial care or rehabilitation services, loss of earning or other economic loss, in the past or future, were or will, with reasonable certainty be replaced or indemnified, in whole or in part, from one or more collateral sources of the type described in CPLR § 4545, including by or through insurance available to Plaintiff under the terms of the Patient Protection, Affordable Care Act, Medicare and similar insurers, and as such answering Defendants are entitled to have any award reduced in the amount of such payments.

**TWENTIETH AFFIRMATIVE DEFENSE**

22.   As and for a twentieth, separate and affirmative defense to the unverified Complaint, AMF alleges that it presently has insufficient knowledge or complete information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Accordingly, AMF reserves its rights to amend and/or assert additional defenses in the event discovery indicates that it would be appropriate.

WHEREFORE, AMF prays that judgment be entered in favor of AMF and against Plaintiff as follows:

    a.   That Plaintiff take nothing by way of the unverified Complaint filed herein;

    b.   For costs of suit incurred herein; and

For such other and further relief as this court deems just and proper.

Dated:  December 22, 2020

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Ashley R. Morris
Attorneys for Defendant, AMF BOWLING CENTERS INC. dba BOWLERO